**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 23, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

MARLIN B. BROWN,

        Plaintiff-Appellant,

v.

VALUE FAMILY PROPERTIES,
LLC,

        Defendant-Appellee.

No. 08-6101
(D.C. No. 5:07-CV-00814-R)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **MURPHY**, **McKAY**, and **ANDERSON**, Circuit Judges.

_____

Plaintiff-appellant Marlin Brown, appearing pro se, appeals the district

court's grant of summary judgment to defendant-appellee Value Family

Properties, LLC. The district court determined that the possible allegations raised

by Mr. Brown, who appeared pro se in that court as well, were discrimination

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

based on national origin and race. Specifically, the court concluded that Mr. Brown was apparently claiming that his boss David Craig, a property manager employed by Value Family, had harassed him and constructively discharged him from his job as a maintenance man, and also had subjected him to a "Discipline Interview," possibly in retaliation for an Equal Employment Opportunity Commission charge he had filed.

The district court held that Mr. Brown had not properly exhausted his administrative remedies in regard to any national origin discrimination claim and had failed to even identify his national origin. The court held that he had failed to establish a prima facie case of racial discrimination mainly on the ground that he had failed to show that any similarly-situated employees were treated differently than he was. This was based on Mr. Brown's testimony that the other maintenance men where he worked, who were not members of a protected class, were also treated poorly by Mr. Craig and also quit their jobs. As to Mr. Brown's retaliation claim, the court found that asking Mr. Brown to undergo the interview and sign the form was not tantamount to retaliation. The court granted summary judgment and Mr. Brown appealed.

We have jurisdiction over this appeal under 28 U.S.C. § 1291.

> We review the grant of a motion for summary judgment *de novo*, applying the same standard as the district court. Summary judgment is appropriate if there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law.

We examine the record and all reasonable inferences that might be drawn from it in the light most favorable to the non-moving party.

*T-Mobile Cent., LLC v. Unified Gov't of Wyandotte County*, 546 F.3d 1299, 1306 (10th Cir. 2008) (quotations, citation, and alteration omitted).

We begin by noting that after Value Family filed its motion for summary judgment, Mr. Brown filed his own untimely motion for summary judgment, which the district court considered as a response to Value Family's motion. Mr. Brown's motion consisted of little more than a one page list of exhibits, an affidavit, and the exhibits themselves. From this filing the district court attempted to interpret Mr. Brown's argument and Mr. Brown makes no complaint regarding its interpretation.

Mr. Brown's appellate brief is similarly deficient. His statement of facts is simply a list of seven exhibits, although not all of the listed exhibits are attached to the complaint. His first issue on appeal is "Mr. Craig did not make winterizing [a] prior[ity]." Aplt. Opening Br. at 3. His second issue on appeal is "Discipline action form was change have [sic] to different dates 11-2-06 to 11-8-06." *Id*. Although Mr. Brown's brief is deficient in a number of ways, the main weakness is that it does not even identify the district court's main holding, i.e., that he presented no evidence suggesting any racial motive behind his difficulties, much less make an argument that the holding was incorrect.

For that reason, the district court's summary judgment against Mr. Brown is AFFIRMED for the reasons set forth in its April 28, 2008, order.

Entered for the Court


Monroe G. McKay
Circuit Judge